Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com
*Attorneys for Defendant Ardgah Glass Inc.*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### (CAMDEN DIVISION)

| | |
|---|---|
| DANIEL COTTO, JR.,<br><br>                 Plaintiff,<br><br>v.<br><br>ARDAGH GLASS PACKING, INC.;<br>ARDAGH GLASS PACKAGING INC.;<br>ARDAGH GLASS INC.; and JOHN DOES 1-<br>5 AND 6-10,<br><br>                 Defendants. | Case No.:  _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**(Superior Court, Law Division, Cumberland County, L-658-17)**<br><br>**Document Electronically Filed** |

**PLEASE TAKE NOTICE** that Defendant Ardagh Glass Inc. ("Company" or "Defendant") hereby removes this action from the Superior Court of New Jersey, Law Division, Cumberland County (Docket No. CUM-L-658-17), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. **§§** 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C **§** 1332(a)(1), and submits this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. **§** 1446(a) in support thereof (the "Notice"):

1.      On or about September 12, 2017, Plaintiff Daniel Cotto, Jr. ("Plaintiff") filed a five-count Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part, Docket No. CUM-L-658-17, against Ardagh Glass Inc. (improperly pleaded as "Ardagh Glass Packing, Inc."). A copy of the Complaint filed in state court is attached hereto as "Exhibit A."

2.     Plaintiff did not serve Ardagh Glass Inc. with a copy of the Complaint.

3.     On or about December 14, 2017, Plaintiff filed a five-count First Amended Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part, Docket No. CUM-L-658-17, against Ardagh Glass Inc.  A copy of the First Amended Complaint filed in state court is attached hereto as "Exhibit B."

4.     Plaintiff also included "Ardagh Glass Packing, Inc." as a defendant in his First Amended Complaint.  *See* Exhibit B.  Upon information and belief, "Ardagh Glass Packing, Inc." is not an existing legal entity.

5.     Plaintiff also included "Ardagh Glass Packaging Inc." as a defendant in his First Amended Complaint.  *See* Exhibit B.  Upon information and belief, "Ardagh Glass Packaging Inc." is not an existing legal entity.

6.     Plaintiff also included "John Does 1-5 and 6-10" as defendants in this action.  *See* Exhibit B.

7.     A Summons for "Ardagh Glass Packing Inc." along with a copy of the First Amended Complaint, the Civil Case Information Statement, and the Track Assignment Notice, were served on Ardagh Glass Inc. no earlier than December 26, 2017.  A copy of the Summons for "Ardagh Glass Packing Inc." is attached hereto as "Exhibit C."  A copy of the Civil Case Information Statement is attached hereto as "Exhibit D."  A copy of the Track Assignment Notice issued by the Superior Court of New Jersey is attached hereto as "Exhibit E."

8.     The aforesaid Complaint, First Amended Complaint, Summons, Civil Case Information Statement, and Track Assignment Notice (attached hereto as Exhibits A-E) constitute all process, pleadings and orders served upon Defendant and filed in the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part.  To Defendant's knowledge, no hearings or other proceedings have taken place in this action.

2

9.      Ardagh Glass Inc. now timely removes this case within thirty (30) days of receipt of a copy of the Summons and First Amended Complaint by Defendant through service or otherwise, pursuant to 28 U.S.C. §1332, §1441, and §1446 based on diversity of citizenship.

10.      In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this Notice of Removal, give written notice of the removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part.

## I.   AMOUNT IN CONTROVERSY

11.      Plaintiff asserts the following claims in his First Amended Complaint: (1) discrimination based on disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("NJLAD"); (2) perception of disability discrimination under the NJLAD; (3) failure to accommodate; (4) retaliation under the NJLAD; and (5) request for equitable relief.  *See* Exhibit B.

12.      Plaintiff seeks in his First Amended Complaint the following damages: (a) compensatory damages, including emotional distress and personal hardship damages; (b) punitive damages; (c) equitable back pay; (d) equitable front pay; (e) interest; (f) costs of suit; (g) attorneys' fees; (h) enhanced attorneys' fees; (i) equitable reinstatement; (j) equitable instatement or promotion; and (k) any other relief the Court deems equitable and just. *See* Exhibit B.

13.      Generally, the amount in controversy is to be determined from the complaint.  *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).  *See also Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court.").  "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146 (citation omitted); *see also Granovsky v. Pfizer, Inc., et al.,* 631

F. Supp.2d 554, 563 (D.N.J. 2009) (in an NJLAD employment discrimination case, the court stated that "[w]hile plaintiff's complaint does not quantify the amount of damages sought, it is clear that based upon the alleged damages to plaintiff's career . . . it is more likely than not that damages will exceed $75,000 in the event of recovery").

14.    The availability and allegations of entitlement to punitive damages may be considered in determining the amount in controversy.  *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) (including demand for punitive damages in determining the amount in controversy); *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007).

15.    Attorneys' fees should also be considered when calculating the amount in controversy, as the NJLAD provides that a prevailing party may be awarded reasonable counsel fees.  *See* N.J.S.A. 10:5-27.1; *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").  *See also Granovsky*, 631 F. Supp.2d at 563 (D.N.J. 2009) ("[a]ttorney's fees are also included for determining the amount in controversy requirement"); *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007) (analyzing the amount in controversy and stating that "[t]his Court must also consider attorneys' fees, which can be significant").

16.    Although Defendant denies any liability to Plaintiff, it is apparent that, based on the claims asserted in this case and the types of damages sought, the amount in controversy exceeds the sum or value of $75,000.

## II.  DIVERSITY OF CITIZENSHIP

17.    There is complete diversity between Plaintiff and Ardagh Glass Inc.

18.    Upon information and belief, Plaintiff is a resident and citizen of the State of New Jersey.  *See* Exhibit B, ¶ 1.

4

19.     Ardagh Glass Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Indiana.  Thus, Ardagh Glass Inc. is not a citizen of the State of New Jersey.

20.     Upon information and belief, "Ardagh Glass Packing, Inc.," named as a defendant in the First Amended Complaint, is not an existing legal entity.

21.     Upon information and belief, "Ardagh Glass Packaging Inc.," named as a defendant in the First Amended Complaint, is not an existing legal entity.

22.     Citizenship of the Doe defendants is immaterial.  *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

## CONCLUSION

23.     As explained herein, there exists complete diversity between the parties.  In light of Plaintiff's allegations, the amount in controversy requirement is also met, and this action is removable to federal court.

Respectfully submitted,

Dated:  January 25, 2018

/s/ Paul D. Erian
Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com

Rachel Cowen
(*pro hac vice* motion to be filed)
**DLA PIPER LLP (US)**
444 W. Lake Street, 9th Floor
Chicago, IL 60606
T:  (312) 368-4000
F:  (312) 251-5844
E-mail:  rachel.cowen@dlapiper.com

*Attorneys for Defendant Ardgah Glass Inc.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that the matter in controversy is not the subject of any other action pending in any court (other than the State Court proceeding from which this action is removed) or of any pending arbitration or administrative proceeding. Furthermore, I know of no additional parties who should be joined in this action.

Respectfully submitted,

Dated:  January 25, 2018

/s/ Paul D. Erian
Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com

EAST\150448640.1

# EXHIBIT A

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY

SEP 1 2 2017

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| DANIEL COTTO, JR., | SUPERIOR COURT OF NEW JERSEY |
| | CUMBERLAND COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | DOCKET NO: CUM L 658-17 |
| ARDAGH GLASS PACKING INC. and | |
| JOHN DOES 1-5 AND 6-10, | |
| | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Daniel Cotto, Jr., residing in Bridgeton, New Jersey, by way of Complaint

against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Law Against Discrimination

("LAD") alleging disability discrimination, discrimination based on perception of disability,

failure to accommodation and retaliation.

## Identification of Parties

1.    Plaintiff Daniel Cotto, Jr. is, at all relevant times herein, a resident of the State of New Jersey, and an employee of defendant Ardagh Glass Packing Inc.

2.    Defendant Ardagh Glass Packing Inc. ("Ardagh Glass") is, at all relevant times herein, a corporation registered and operating in the State of New Jersey with its principal place of business at 443 Southeast Avenue, Bridgeton, New Jersey 08302.

3.    Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4.    Plaintiff began working for defendant in its Bridgeton location as a forklift operator on or around February 8, 2011.

5.    Plaintiff has been suspended indefinitely from his employment with defendant since November 1, 2016.

6.    As a result of a severe neck and back injury suffered in 2007, plaintiff takes prescription drugs for pain management including Percocet, Gabapentin and medical marijuana as prescribed and closely monitored by his doctor.

7.    Plaintiff informed defendant that he was taking these medications at the time he was hired.

8.    Plaintiff submitted medical documentation indicating that he was prescribed these medications, and that it was safe for him to work while taking these medications.

9.    On or around November 1, 2016, while plaintiff was working for defendant, he hit his head on the roof of a forklift, injuring himself.

2

10.    Plaintiff immediately informed his supervisor of this injury and was told to take a break in the breakroom.

11.    Ultimately, plaintiff was instructed to go to Premier Orthopedics located in Vineland, New Jersey to be examined as a result of this injury.

12.    As a result of the injury, plaintiff was placed on light-duty by the doctor with a follow-up appointment scheduled on December 8, 2016.

13.    While at Premier Orthopedics, plaintiff was instructed by the safety employee at defendant that he was required to pass both a breathalyzer and a urine test in order to return to work.

14.    At the time, plaintiff explained to John he takes prescriptions including Percocet, Gabapentin and medical marijuana for his past injury.

15.    John told plaintiff that as long as the drugs were prescribed, there would not be a problem.

16.    At that time, John also told plaintiff that there was no work for him to do given his light-duty restrictions.

17.    Although John claimed there was no light-duty work to do, plaintiff is aware of other employees with restrictions that were permitted to work light-duty positions.

18.    On December 1, 2016, plaintiff received a phone call from Bryan, an employee with defendant, who stated that he believed there was not going to be a job available for plaintiff with defendant because he could not operate machinery while on narcotics.

19.    This is despite the fact that plaintiff had a medical note stating that he could operate machinery while taking the prescription drugs he was taking.

20.    Plaintiff in fact explained to Bryan that he told the company when he was hired about the prescription medications that he was taking and provided documentation stating that it was safe for him to work.

21.    Bryan told plaintiff that defendant was not so much concerned with plaintiff taking Percocet, but rather was concerned about plaintiff's prescription for medical marijuana.

22.    Bryan told plaintiff that he would speak to defendant's attorney and see what he could do.

23.    The following day, plaintiff was required to attend a meeting with Bryan, and a human resources representative named Jim.

24.    During that meeting, Jim asked plaintiff whether he could work without taking his medication and plaintiff offered to wean off of the Percocet.

25.    Jim replied that the "problem" was the marijuana, not the Percocet.

26.    Jim further told plaintiff that "corporate wants you fired."

27.    Plaintiff then showed both Jim and Bryan his medical marijuana card and doctor's prescription.

28.    Jim ended the meeting by telling plaintiff that he would continue speaking with corporate and see what they could do.

29.    As of the date of this complaint, plaintiff has still not been permitted to return to work.

30.    At all times relevant herein, plaintiff has been capable of returning to work with a reasonable accommodation.

31.    In particular, plaintiff's doctor indicated plaintiff has lifting restrictions and other physical restrictions as a result of his medical condition.

4

32.    Despite his restrictions, plaintiff is still capable of performing all of the essential functions of his job as a forklift operator at all times relevant to this claim including today.

33.    Plaintiff was disabled within the meaning of the LAD

34.    In addition or in the alternative, plaintiff was perceived disabled by defendant.

35.    A determinative or motivating factor in defendant's decision to place plaintiff on indefinite suspension is plaintiff's disability.

36.    In addition or in the alternative, a determinative or motivating factor in defendant's decision to place plaintiff on indefinite suspension is defendant's perception that plaintiff is disabled.

37.    In addition, plaintiff made a request for a reasonable accommodation and that he be allowed to have certain lifting restrictions, and he be permitted to take prescription drugs as a result of his medical condition.

38.    Despite plaintiff's request for a reasonable accommodation, defendant has refused to provide plaintiff's requested accommodation, or any other accommodation and allow plaintiff to return to work.

39.    Plaintiff is further a member of a protected group as an individual who engaged in protected activity by making a request for a reasonable accommodation.

40.    Subsequent to plaintiff making a request for a reasonable accommodation, he was placed on indefinite suspension.

41.    A determinative or motivating factor in defendant's decision to place plaintiff on indefinite suspension was the fact that plaintiff made a request for a reasonable accommodation.

42.    To the extent that there is any "mixed motive," plaintiff only need show that a determinative or motivating factor in the conduct directed towards him was because of his membership in one or more of the protected categories set forth above.

43.    Because the discrimination against plaintiff is knowing, intentional and purposeful, punitive damages are warranted because the conduct was undertaken by members of upper management.

44.    As a result of the unlawful conduct outlined above, plaintiff has been forced to suffer both economic and non-economic harm.

### COUNT I

### Discrimination Based on Disability Under the LAD

45.    Plaintiff hereby repeats and realleges paragraphs 1 through 44, as though fully set forth herein.

46.    Plaintiff was subjected to discrimination based on his disability that had an adverse effect on his employment.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

### COUNT II

### Perception of Disability Discrimination Under the LAD

47.    Plaintiff hereby repeats and realleges paragraphs 1 through 46, as though fully set forth herein.

6

48.     For the reasons set forth above, plaintiff was subjected to adverse employment actions based on defendant's perception that plaintiff was disabled in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate

49.     Plaintiff hereby repeats and realleges paragraphs 1 through 48, as though fully set forth herein.

50.     Plaintiff made a request for reasonable accommodations including but not limited to being permitted to take prescription drugs because of his medical condition, and having lifting restrictions because of his medical condition.

51.     Despite plaintiff's request for a reasonable accommodation, defendant failed to provide the reasonable accommodation, or any other accommodation to allow plaintiff to return to work.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

7

## COUNT IV

### Retaliation Under the LAD

52.    Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53.    Plaintiff engaged in protected activity in making requests for the reasonable accommodations set forth above.

54.    Subsequent to plaintiff engaging in this protected activity, he was subjected to adverse employment actions including, but not limited to, being placed on indefinite suspension.

55.    A determinative or motivating factor in the adverse employment actions taken against plaintiff were plaintiff's engaging in protected activity.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

56.    Plaintiff hereby repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

57.    Plaintiff requests the following equitable remedies and relief in this matter.

58.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

59.    Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

60.    To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

61.    Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

62.    Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

63.    Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

64.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

9

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

Dated: 9|8|17

By: _____
    **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and

electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of

action and/or prayers for relief, to any defenses to same, and pertaining to any party, including,

but not limited to, electronic data storage, closed circuit TV footages, digital images, computer

images, cache memory, searchable data, emails, spread sheets, employment files, memos, text

messages and any and all online social or work related websites, entries on social networking

sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this

litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

COSTELLO & MAINS, LLC

By:   _____
        Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By:   _____
        Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.     I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: _____
          ~~Kevin~~ M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: _____
          Kevin M. Costello

# EXHIBIT B

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| DANIEL COTTO, JR., | : SUPERIOR COURT OF NEW JERSEY<br>: CUMBERLAND COUNTY - LAW DIV. |
| Plaintiff, | :<br>: CIVIL ACTION |
| vs. | :<br>: |
| ARDAGH GLASS PACKING, INC;<br>ARDAGH GLASS PACKAGING INC.;<br>ARDAGH GLASS INC.; and<br>JOHN DOES 1-5 AND 6-10, | : DOCKET NO: CUM-L-658-17<br>:<br>:<br>: **FIRST AMENDED COMPLAINT AND<br>JURY DEMAND** |
| Defendants. | |

Plaintiff, Daniel Cotto, Jr., residing in Bridgeton, New Jersey, by way of Complaint

against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Law Against Discrimination

("LAD") alleging disability discrimination, perception of disability discrimination, failure to

accommodation and retaliation.

## Reason For Amendment

The Complaint is being amended to add additional parties and a claim for retaliation.

## Identification of Parties

1.     Plaintiff Daniel Cotto, Jr. is, at all relevant times herein, a resident of the State of New Jersey, and an employee of defendants.

2.     Defendant Ardagh Glass Packaging Inc. ("Ardagh Glass Packaging") is, at all relevant times herein, a corporation registered and operating in the State of New Jersey with its principal place of business at 443 Southeast Avenue, Bridgeton, New Jersey 08302, and the employer of plaintiff, individually or as a joint, dual or special employer with defendants Ardagh Glass Packing, Inc. and Ardagh Glass Inc.

2a.    Defendant Ardgah Glass Packing, Inc. ("Ardagh Glass Packing") is, at all relevant times herein, a corporation registered and operating in the State of New Jersey with its principal place of business at 443 Southeast Avenue, Bridgeton, New Jersey 08302, and the employer of plaintiff, individually or as a joint, dual or special employer with defendants Ardagh Glass Packaging, Inc. and Ardagh Glass Inc.

3.     Defendant Ardagh Glass Inc. ("Ardagh Glass") is, at all relevant times herein, a corporation registered and operating in the State of New Jersey with its principal place of business at P.O. Box 50487, Indianapolis, Indiana, 46250, and the employer of plaintiff, individually or as a joint, dual or special employer with defendants Ardagh Glass Packaging Inc. and Ardagh Glass Packing, Inc.

4.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

5.      Plaintiff began working for defendants in their Bridgeton location as a forklift operator on or around February 8, 2011.

6.      Plaintiff was been suspended indefinitely from his employment with defendants on or about November 1, 2016.

7.      As a result of a neck and back injury suffered in 2007, plaintiff takes prescription drugs for pain management including Percocet, Gabapentin and medical marijuana as prescribed and monitored by his doctor and pursuant to New Jersey's Compassionate Use Act.

8.      Plaintiff informed defendants that he was taking these medications at the time he was hired.

9.      Plaintiff provided medical documentation indicating that he was prescribed these medications, and that he was permitted to perform the functions of his job while taking these medications.

10.      On or around November 1, 2016, while plaintiff was working for defendants, he hit his head on the roof of a forklift, injuring himself.

11.      Plaintiff immediately informed his supervisor of this injury and was told to take a break in the breakroom.

12.      Ultimately, plaintiff was instructed to go to Premier Orthopedics located in Vineland, New Jersey to be examined as a result of this injury.

13.      As a result of the injury, plaintiff was placed on light-duty by the doctor with a follow-up appointment scheduled on December 8, 2016.

14.     While at Premier Orthopedics, plaintiff was instructed by the safety employee, John, at defendant that he was required to pass both a breathalyzer and a urine test in order to return to work.

15.     At the time, plaintiff explained to John that he takes prescriptions including Percocet, Gabapentin and medical marijuana for his past injury.

16.     John told plaintiff that as long as the drugs were prescribed, there would not be a problem.

17.     At that time, John also told plaintiff that there was no work for him to do given his light-duty restrictions.

18.     Although John claimed there was no light-duty work to do, plaintiff is aware of other employees with restrictions that were permitted to work light-duty positions.

19.     On December 1, 2016, plaintiff received a phone call from Brian, the President of his Union and an employee with defendants, who stated that he believed there was not going to be a job available for plaintiff with defendants because he could not operate machinery while on narcotics.

20.     This is despite the fact that plaintiff had a medical note stating that he could operate machinery while taking the prescription drugs he was taking.

21.     Plaintiff explained to Brian that he told the company when he was hired about the prescription medications that he was taking and provided documentation stating that it was safe for him to work.

22.     Brian told plaintiff that defendants were not so much concerned with plaintiff taking Percocet, but rather was concerned about plaintiff's prescription for medical marijuana.

23.     Brian told plaintiff that he would speak to defendants' attorney and see what he could do.

24.     The same day, Plaintiff received a phone call from Jim, a human resources representative, who scheduled a meeting for Plaintiff to attend the next day.

25.     The next day, plaintiff attended the meeting, at which he, Brian and Jim from Human Resources were present.

25a.     During that meeting, Jim asked plaintiff whether he could work without taking his medication and plaintiff offered to wean off of the Percocet.

26.     Jim replied that the "problem" was the marijuana, not the Percocet.

27.     Jim further told plaintiff that "corporate wants you fired."

28.     Plaintiff then showed Jim his medical marijuana card and doctor's prescription.

29.     Jim ended the meeting by telling plaintiff that he would continue speaking with corporate and see what they could do.

30.     Plaintiff was never permitted to return to work and, on August 4, 2017, was "formally" terminated from his employment with defendants.

31.     At all times relevant herein, plaintiff has been capable of returning to work with or without a reasonable accommodation.

32.     In particular, plaintiff's doctor indicated plaintiff has lifting restrictions and other physical restrictions as a result of his medical condition.

33.     Despite his restrictions, plaintiff is and has been capable of performing all of the essential functions of his job as a forklift operator.

34.     Plaintiff was disabled within the meaning of the LAD

35.     In addition or in the alternative, defendants held perceptions of or regarding disability.

36.     A determinative or motivating factor in defendants' decision to place plaintiff on indefinite suspension was plaintiff's disability and/or perceptions held of or regarding disability, including perceptions regarding plaintiff's lawful use of prescribed medical marijuana.

37.     In addition, plaintiff made a request for a reasonable accommodation and that he be allowed to have certain lifting restrictions, and that he be permitted to work while prescribed medications, including medical marijuana.

38.     Defendants have failed to reasonably accommodate plaintiff and failed to engage in any interactive process with Plaintiff to determine whether reasonable accommodation was possible.

39.     A determinative or motivating factor in defendants' decision to place plaintiff on indefinite suspension and subsequently terminate plaintiff was the fact that plaintiff made a request for a reasonable accommodation.

40.     A determinative or motivating factor in defendants' decision to suspend and subsequently terminate plaintiff is his status as a disabled person utilizing medical marijuana to treat his disability.

41.     To the extent that there is any "mixed motive," plaintiff only need show that a determinative or motivating factor in the conduct directed towards him was because of his membership in one or more of the protected categories set forth above.

42.     The actions of the defendants were egregious, malicious, intentional and/or undertaken with a willful and wanton disregard for the rights of plaintiff.

43.    The actions of the defendants were undertaken and/or willfully ignored by members of upper management.

44.    Thus, punitive damages are warranted.

45.    As a result of the unlawful conduct outlined above, plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Discrimination Based on Disability Under the LAD

46.    Plaintiff hereby repeats and realleges paragraphs 1 through 45, as though fully set forth herein.

47.    Defendants discrimination against plaintiff because of his disability, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

48.    Plaintiff hereby repeats and realleges paragraphs 1 through 47, as though fully set forth herein.

49.    Defendants discriminated against Plaintiff because of perceptions held by defendants of or regarding disability and/or plaintiff's continued utility as an employee, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate

50.     Plaintiff hereby repeats and realleges paragraphs 1 through 49, as though fully set forth herein.

51.     Defendants failed to reasonably accommodate Plaintiff's requests for accommodation, including his request for "light duty" and his request to be able to work while prescribed certain medications, including medical marijuana, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation Under the LAD

52.     Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53.     Plaintiff engaged in protected activity in making requests for the reasonable accommodations set forth above.

53.     Defendants retaliated against Plaintiff for requesting reasonable accommodations, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

54.     Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     Plaintiff requests the following equitable remedies and relief in this matter.

56.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

57.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

58.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

59.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

60.    Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

61.    Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

62.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


**By:  /s/ Kevin M. Costello**
Dated:  December 14, 2017              **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


By:  **/s/ Kevin M. Costello**
       **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**


By:  **/s/ Kevin M. Costello**
       **Kevin M. Costello**

## <u>RULE 4:5-1 CERTIFICATION</u>

1.     I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.     I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:  <u>/s/ Kevin M. Costello</u>
      **Kevin M. Costello**


## <u>DESIGNATION OF TRIAL COUNSEL</u>

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:  <u>/s/ Kevin M. Costello</u>
      **Kevin M. Costello**

# EXHIBIT C

**COSTELLO & MAINS, LLC**
By: Marisa J. Hermanovich
Attorney I.D. No. 071372013
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| DANIEL COTTO, JR., <br><br> Plaintiff(s), <br> vs. <br><br> ARDAGH GLASS PACKING INC. and JOHN DOES 1-5 AND 6-10, <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY CUMBERLAND COUNTY - LAW DIV. <br><br> CIVIL ACTION <br><br> DOCKET NO: CUM-L-658-17 <br><br> **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: December 21, 2017

**Name of Defendant to be Served:**          **Ardagh Glass, Inc.**

**Address of Defendant to be Served:**       **The Corporation Trust Company**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# EXHIBIT D

## Appendix XII-B1

| | **CIVIL CASE INFORMATION STATEMENT (CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |
|---|---|---|

| ATTORNEY / PRO SE NAME<br>Kevin M. Costello, Esquire | TELEPHONE NUMBER<br>(856) 727-9700 | COUNTY OF VENUE<br>Cumberland |
|---|---|---|
| FIRM NAME (if applicable)<br>Costello & Mains, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>18000 Horizon Way, Suite 800<br>Mt. Laurel, New Jersey 08054 | | DOCUMENT TYPE<br>COMPLAINT<br>JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>DANIEL COTTO, JR., Plaintiff | CAPTION<br>DANIEL COTTO, JR. v. AROAGH GLASS PACKING INC., et al. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>618 | HURRICANE SANDY<br>RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)    ☐ NONE<br>   ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N   AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y   AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271   ACCUTANE/ISOTRETINOIN | 292   PELVIC MESH/BARD |
| 274   RISPERDAL/SEROQUEL/ZYPREXA | 293   DEPUY ASR HIP IMPLANT LITIGATION |
| 281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295   ALLODERM REGENERATIVE TISSUE MATRIX |
| 282   FOSAMAX | 296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285   STRYKER TRIDENT HIP IMPLANTS | 297   MIRENA CONTRACEPTIVE DEVICE |
| 286   LEVAQUIN | 299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287   YAZ/YASMIN/OCELLA | 300   TALC-BASED BODY POWDERS |
| 289   REGLAN | 601   ASBESTOS |
| 290   POMPTON LAKES ENVIRONMENTAL LITIGATION | 623   PROPECIA |
| 291   PELVIC MESH/GYNECARE | 624   STRYKER LFIT CoCr V40 FEMORAL HEADS |

If you believe this case requires a track other than that provided above, *please indicate the reason on Side 1,*
*in the space under "Case Characteristics.*

Please check off each applicable category   ☐ Putative Class Action      ☐ Title 59

# EXHIBIT E

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 453-4330
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    SEPTEMBER 12, 2017
                    RE:      COTTO VS ARDAGH GLASS PACKING ETAL
                    DOCKET: CUM L -000658 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON -TO BE ASSIGNED-

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT:  (856) 453-4343.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                     ATTENTION:
                                ATT: KEVIN M. COSTELLO
                                COSTELLO & MAINS LLC
                                18000 HORIZON WAY
                                SUITE 800
                                MT LAUREL        NJ 08054-4319

JUHGRIO